IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUDITH A. BRACAMONTE,

    Plaintiff,

No. CIV S-06-1868 MCE GGH PS

vs.

SACRAMENTO COUNTY PROBATION DEPARTMENT, et al.,

    Defendants.

ORDER

/

Defendants move to quash service of the summons and complaint pursuant to Fed. R. Civ. P. 12(b)(5) or, alternatively, to extend the time within which to respond to the complaint pursuant to Fed. R. Civ. P. 6(b). As oral argument is unnecessary to resolve this matter, the hearing scheduled for November 2, 2006 is vacated and the court issues this order.

Plaintiff, who is proceeding pro se, paid the filing fee and filed her § 1983 complaint on August 21, 2006, against defendants Sacramento County Probation Department, Chief Probation Officer Verne L. Speirs, Probation Department Supervisor Shawn Ayala, Probation Officers Susan VanQuill and Shelly Fisher, and Domestic Violence Unit Supervisor Morgan Ward.

\\\\\

1

1   On August 22, 2006, plaintiff served process upon each of the individual
2 defendants, named in their official capacities, by leaving a copy of the summons and complaint at
3 defendants' place of employment, with Officer Kimberly K. Baker, the "Officer of the Day."
4 Service was not made upon the Probation Department per se.  On August 28, 2006, plaintiff filed
5 proof of this service upon each of the individual defendants.
6   According to the October 2, 2006 declaration of defendants' counsel, Carl L.
7 Fessenden, the County first became aware of this action when plaintiff telephoned County
8 Counsel on September 29, 2006.  Mr. Fessenden states that, "Apparently, the file was
9 inadvertently sent with other documents to the County's third party administrator."  Fessenden
10 Decl., at p. 2.  The "file," which apparently includes plaintiff's service documents and pertinent
11 administrative proceedings, was not forwarded to present counsel until October 2, 2006,
12 whereupon defendants filed this motion to quash or for extension of time.
13   Defendants assert generally that service was "ineffective" and failed to include the
14 County Probation Department; also that the complaint is "factually intense" and requires
15 additional time within which to respond.  Plaintiff has not responded to the motion.  See, E. D.
16 Cal. L. R. 78-230(c) (opposition shall be filed with the court and served on the opposing party
17 not less than 14 days preceding the hearing date).  While plaintiff's failure to oppose the motion
18 may be construed as acquiescence thereto (E. D. Cal. L. R. 78-230(c), 11-110, and 83-183), the
19 court is obliged liberally to construe pro se pleadings and the good faith efforts of pro se litigants
20 to comply with procedural rules, and therefore provides the following instructions.
21   Plaintiff commenced service of process pursuant to state law, as authorized by
22 Fed. R. Civ. P. 4(e).[1]  California Code of Civil Procedure section 415.20(a) provides that, in lieu

---

[1] Fed. R. Civ. P. 4(e) provides that service of process may be effected by (1) delivering a copy of the summons and of the complaint to the defendant personally, (2) by leaving copies of the summons and of the complaint at defendant's home with a person of suitable age and discretion, (3) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process on defendant's behalf, or (4) pursuant to the law of the state in which the district court is located.

of personal service upon a natural person, a copy of the summons and complaint may be left at the defendant's usual place of business "with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. . . . Service of a summons in this manner is deemed complete on the 10th day after the mailing." See also, Calif. Code Civ. Proc. §§ 415.30 and 417.10.

Plaintiff's proofs of service demonstrate substituted service of process upon the individual defendants at their place of business; plaintiff has not demonstrated the required subsequent mailing. Accordingly, plaintiff shall be directed to complete service of process by mailing a copy of the summons and complaint by first-class mail, postage prepaid to each of the individual defendants at their place of business, and filing proof of such service with the court. Service of process shall be deemed complete on the tenth day after such mailing.

Defendants assert that plaintiff has not attempted service upon the Sacramento County Probation Department. However, service upon the County's Chief Probation Officer, Vern L. Speirs, in his official capacity, satisfies service upon the County Probation Department. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . It is not a suit against the official personally, for the real party in interest is the entity"). This rule is reflected in Calif. Code Civ. Proc. § 416.50(a), which provides that "A summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." While plaintiff has not made service directly upon the Sacramento County Probation Department, the Department is deemed a party to this suit pursuant to the naming and proper service upon Chief Probation Officer Vern L. Speirs.

ACCORDINGLY, defendants' alternative motions to quash or for extension of time to answer the complaint, filed in amended form on October 4, 2006, are denied. Plaintiff

1 | shall, within ten days of the filing date of this order, file proof of compliance with the subsequent
2 | mailing requirement of Calif. Code Civ. Proc. § 415.20(a) upon each of the individual
3 | defendants.  The time within which defendants may file their answer shall commence ten days
4 | after plaintiff's mailing of the requisite summonses and complaints.
5 |     So ordered.
6 | DATED:   10/25/06      /s/ Gregory G. Hollows
7 |     _____
    GREGORY G. HOLLOWS
    U. S. MAGISTRATE JUDGE
8 | GGH5 Bracamonte 1868.qsh: