UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUDITH A. BRACAMONTE,   No. 2:06-cv-01868-MCE-GGH

    Plaintiff,

  v.   MEMORANDUM AND ORDER

THE PROBATION DEPARTMENT OF
THE COUNTY OF SACRAMENTO,
VERNE L. SPEIRS, CHIEF; SHAWN
AYALA, ASSISTANT PROBATION
DIVISION CHIEF; SUSAN
VANQUILL, RETIRED
ANNUITANT/PROBATION OFFICER;
SHELLY FISCHER, PROBATION
OFFICER; MORGAN WARD,
SUPERVISOR, DOMESTIC VIOLENCE
UNIT, DOES 1 THROUGH 10
INCLUSIVE,

    Defendants.

----oo0oo----

    Judith A. Bracamonte ("Plaintiff") seeks relief under 42 U.S.C. § 1983 for violation of her due process rights. Pursuant to Federal Rule of Civil Procedure 56, Defendants move for summary judgment claiming, *inter alia*, that Plaintiff is not a real party in interest and lacks standing to bring this action.

1

**BACKGROUND**

The following facts are undisputed.  Beginning in 1999, Plaintiff was employed by Warm Winds, Inc. ("Warm Winds"), a 501(c)(3) non-profit California corporation.  In late 2001, Plaintiff became Warm Winds' executive director.  Plaintiff has no interest or ownership in Warm Winds, other than an employment interest.

Under Plaintiff's direction, Warm Winds ran a certified batterer's treatment program ("BTP"), pursuant to California Penal Code § 1203.097 et seq.  To receive referrals from the California Department of Corrections and the Sacramento County Probation Department ("Probation Department"), Warm Winds was required to remain on the Probation Department's certified BTP provider list, which it did for several years.  However, in 2006, Warm Winds' BTP certification was either not renewed or was revoked.[1]

California Penal Code § 1203.098 mandates educational requirements which must be met by facilitators, such as Plaintiff, employed in certified BTP facilities.  Plaintiff never received any documentation from the Probation Department indicating that she was "certified" as a facilitator.  Furthermore, Plaintiff never received any subsequent documentation from the Probation Department indicating that any hypothetical certification she may have had was revoked.

---

[1] The Court notes that Plaintiff disputes use of the term "not renewed" rather than her preferred term "revoked."  This dispute is not material and does not affect the disposition of this case.

2

1        Plaintiff now seeks relief from this Court under 42 U.S.C.
2   § 1983 for the denial of her procedural due process rights,
3   claiming that Defendants' revocation of or failure to renew Warm
4   Winds' BTP certificate also resulted in the loss of her
5   individual certification without due process of law.

## STANDARD

9        The Federal Rules of Civil Procedure provide for summary
10  judgment when "the pleadings, depositions, answers to
11  interrogatories, and admissions on file, together with
12  affidavits, if any, show that there is no genuine issue as to any
13  material fact and that the moving party is entitled to a judgment
14  as a matter of law." Fed. R. Civ. P. 56(c).  One of the
15  principal purposes of Rule 56 is to dispose of factually
16  unsupported claims or defenses. Celotex Corp. v. Catrett, 477
17  U.S. 317, 325 (1986).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing
> the district court of the basis for its motion, and
> identifying those portions of 'the pleadings,
> depositions, answers to interrogatories, and admissions
> on file together with the affidavits, if any,' which it
> believes demonstrate the absence of a genuine issue of
> material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323 (quoting Rule 56(c)).
If the moving party meets its initial responsibility, the burden
then shifts to the opposing party to establish that a genuine
issue as to any material fact actually does exist. Matsushita
Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986);
First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

1    In attempting to establish the existence of this factual
2 dispute, the opposing party must tender evidence of specific
3 facts in the form of affidavits, and/or admissible discovery
4 material, in support of its contention that the dispute exists.
5 Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that
6 the fact in contention is material, i.e., a fact that might
7 affect the outcome of the suit under the governing law, and that
8 the dispute is genuine, i.e., the evidence is such that a
9 reasonable jury could return a verdict for the nonmoving party.
10 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52
11 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper
12 Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,
13 "before the evidence is left to the jury, there is a preliminary
14 question for the judge, not whether there is literally no
15 evidence, but whether there is any upon which a jury could
16 properly proceed to find a verdict for the party producing it,
17 upon whom the onus of proof is imposed."  Anderson, 477 U.S. at
18 251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448, 20
19 L.Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the
20 moving party has carried its burden under Rule 56(c), its
21 opponent must do more than simply show that there is some
22 metaphysical doubt as to the material facts...Where the record
23 taken as a whole could not lead a rational trier of fact to find
24 for the nonmoving party, there is no 'genuine issue for trial.'"
25 Matsushita, 475 U.S. at 586-87.
26 ///
27 ///
28 ///

4

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). A real party in interest is one "to whom the relevant substantive law grants a cause of action." U-Haul Inter., Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986).

Additionally, "[i]n every federal case, the party bringing the suit must establish standing to prosecute the action." Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 11 (2004). Standing consists of two parts: 1) Article III standing, enforcing the case-or-controversy requirement; and 2) prudential standing. Id. Article III standing requires that Plaintiff prove she has suffered an "injury in fact" that this Court has the power to redress. Id. at 12. Prudential standing prohibits an individual from litigating another person's rights. Id. (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)).
///

"A shareholder lacks standing to bring a section 1983 action on behalf of the corporation in which he owns shares." Soranno's Gasco, Inc., v. Morgan, 874 F.2d 1310, 1318 (9th Cir. 1989) (citing Erlich v. Glasner, 418 F.2d 226, 228 (9th Cir. 1969)). Nor is it "sufficient for the plaintiff to assert a personal economic injury resulting from a wrong to the corporation." Id. (citing Shell Petroleum, N.V. v. Graves, 709 F.2d 593, 595 (9th Cir. 1983)). "However, a shareholder does have standing where he or she has been injured directly and independently of the corporation." Id.

Plaintiff is not a "real party in interest." The substantive law governs only the BTP itself, in this case Warm Winds, and only addresses program, not individual, approval. See Cal. Pen. Code § 1203.097 et seq. Examination of the statutory language employed in § 1203.097(c) makes this abundantly clear:

> (c) the court or the probation department shall refer defendants only to batterer's **programs** that follow standards outlined in paragraph (1)....The probation department shall design and implement an approval and renewal process for batterer's **programs**....
> ....
> (2) the court shall refer persons only to batterer's **programs** that have been approved by the probation department pursuant to paragraph (5).
> ....
> (3) No **program**, regardless of its source of funding, shall be approved unless it meets all of the following standards. .
> ....
> (5) The probation department shall have the sole authority to approve a batterer's **program** for probation. The **program** shall be required to obtain only one approval but shall renew that approval annually.
> ....

1
2
3
4
5
>(C) The probation department has the sole authority to approve the issuance, denial, suspension, or revocation of approval and to cease new enrollments or referrals to a batterer's **program** under this section. The probation department shall review information relative to a program's performance or failure to adhere to standards, or both. Cal. Penal Code § 1203.097(c)(5)(c).

Cal. Penal Code § 1203.97(c) (emphasis added)

Plaintiff has no interest in Warm Winds or in Warm Winds' BTP certification. Plaintiff has submitted no proof that she was individually certified as a BTP or as a BTP facilitator and nothing in any of the above code sections contradicts this finding. Furthermore, the training prescribed by the Penal Code does not bestow on Plaintiff any individual certification or give her any interest in Warm Winds' certification under California law. Instead, Penal Code § 1203.098(a) refers only to training requirements a facilitator like Plaintiff must satisfy before being eligible to work as a facilitator in a battered treatment program. The statute states in pertinent part as follows:

> (a) Unless otherwise provided, a person who works as a facilitator in a batterers' intervention program that provides programs for batterers pursuant to subdivision of Section 1203.097 shall complete [specified training] requirements before being eligible to work as a facilitator in a batterers' intervention program.

Nowhere does § 1203.098(a) suggest that satisfying the training requirements for a facilitator confers an individualized certification akin to that contemplated for a qualified batterer's treatment program as a whole.

///
///
///

7

1    Moreover, even if Plaintiff did have an interest in Warm
2 Winds, and consequently could qualify as a real party in interest
3 (which she does not), Plaintiff still lacks standing to invoke an
4 individual complaint against the Probation Department because,
5 under the law, she did not suffer any direct, individual injury
6 as a result of the Probation Department's failure to renew Warm
7 Winds' certification.  <u>See</u> <u>Soranno's Gasco, Inc.</u> at 1310.  By
8 arguing that she was personally de-certified when Warm Winds
9 certification was not renewed, Plaintiff attempts to create the
10 requisite legal injury.  However, she cannot avoid the fact that
11 the substantive law does provides only for program certification.
12 Therefore, Plaintiff never obtained individual certification and
13 could never have had such certification revoked.  She suffered no
14 cognizable independent injury that this Court has the power to
15 redress.
16    Plaintiff has not, nor can she, cite to any cases supporting
17 the proposition that somehow her "understanding" that she was
18 certified is relevant to or changes this analysis.  To the
19 contrary, in an attempt to create more than "some metaphysical
20 doubt as to the material facts," she relies only on her own
21 understanding, and the similar understanding of third-parties,
22 that she was personally certified.  Her reliance is misplaced.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

8

Regardless of Plaintiff's understanding, her alleged injury is incapable of redress. Plaintiff seeks damages and an injunction reinstating her certification. However, no damages may be awarded for the revocation of something that never existed, nor can Defendants be forced to reinstate an imaginary certification. No rational trier of fact could find that Plaintiff has standing to bring this claim.

Plaintiff is not a real party in interest under the governing law. She lacks standing because she has not suffered any direct and independent injury that this Court has the power to redress. Defendants' request for judgment as a matter of law is therefore well-taken.[2]

## CONCLUSION

Because the Court finds that Plaintiff is not a real party in interest and lacks standing to bring this action, Defendants' Motion for Summary Judgment is GRANTED.[3]

///
///

---

[2] The Court need not address whether Plaintiff would have standing to bring an individual claim for violation of her due process rights if she had been certified and had lost that certification as a result of Defendants' acts. Since Plaintiff has not presented any evidence that she was ever certified and since she relies solely on her subjective understanding that her facilitator training resulted in certification, that question is not currently before the Court.

[3] In her Opposition, Plaintiff alleges that Defendants' filing of this Motion is sanctionable under Fed. R. Civ. Pro. 11. Pl.'s Opp'n, 2:21-3:5. The Court's disposition of this case makes clear that Plaintiff's incendiary accusation is both meritless and unsubstantiated.

The Clerk of the Court is directed to enter judgment in favor of Defendants and close the file.[4]

    IT IS SO ORDERED.

    Dated: March 11, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

10